# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY H.,[1]<br><br>            Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,[2]<br><br>            Defendant. | Case No. 2:18-cv-03611-AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

      Plaintiff seeks review of the Commissioner's final decision denying his application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issues. This matter is now ready for decision.

---

[1]   Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2]  Andrew Saul is now the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

## BACKGROUND

Plaintiff's claim for disability insurance benefits was denied initially and on reconsideration. An Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, his attorney, and a Vocational Expert ("VE") were present. (AR 55-72.) The ALJ issued a decision on April 4, 2017, finding that Plaintiff suffered from the following severe impairments: degenerative disc disease and a history of advanced left knee osteoarthritis status post left knee total knee arthroplasty. (AR 23.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except he was limited to standing and walking 2 hours out of an 8-hour workday; he required the use of a cane as needed for prolonged ambulation; he was limited to occasional postural activities, but barred from climbing ladders, scaffolds or ropes; and he was barred from all exposure to unprotected heights or dangerous machinery. (AR 24.) Relying on the testimony of the VE, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as cashier, small products assembler, and electrical accessories assembler. (AR 29-30.) Accordingly, the ALJ determined that Plaintiff was not disabled at any time from January 31, 2013 (the alleged onset date) through December 31, 2015 (the date last insured). (AR 29.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner.

## DISPUTED ISSUES

1. Whether the ALJ properly evaluated Plaintiff's subjective complaints.
2. Whether the ALJ adequately considered Plaintiff's peripheral neuropathy.
3. Whether the ALJ properly considered the opinion of Dr. Rounaghi.
4. Whether the ALJ properly credited the VE's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial

evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

## DISCUSSION

Plaintiff contends that the ALJ improperly discounted his subjective complaints regarding pain and other symptoms.

**A. Relevant Law**

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit his ... ability to perform work-related activities ...." SSR 16–3p, 2016 WL 1119029, at *4. Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of his symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing

court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)). An ALJ's written must provide "explanation" or "specific reasons" to allow that decision to be reviewed meaningfully and to "ensure that the claimant's testimony was not arbitrarily discredited." *Brown-Hunter*, 806 F.3d at 494.; *see also Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (ALJ's statement that claimant's testimony regarding the intensity, persistence, and limiting effects of his symptoms was not credible to the extent his testimony is "inconsistent with the above residual functional capacity assessment" is an insufficient basis for discrediting testimony).

Factors an ALJ may consider when making such a determination include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, unexplained failure to pursue or follow treatment, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

**B. Analysis**

In discounting Plaintiff's allegations and testimony concerning his symptoms, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 27.) The Ninth Circuit has observed that a version of this boilerplate statement is routinely included in an ALJ's decision "as an introduction to the ALJ's credibility determination" after which the ALJ "typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103. Here, the ALJ concluded his discussion of Plaintiff's subjective complaints and medical record by stating that the complaints were inconsistent with the evidence in the record. While Plaintiff challenges certain of the ALJ's conclusions regarding the medical evidence,

it is not necessary to resolve those issues because − even assuming the ALJ properly summarized the lack of objective medical evidence – it would be error for this to be the only basis for the ALJ's rejection of claimant's subjective complaints. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

      Although the Commissioner attempts to characterize the ALJ's reasons for his adverse assessment of Plaintiff's testimony as something more than lack of objective medical evidence, examination of the written decision reveals that is solely what the finding rests upon. For instance, after discussing Plaintiff's testimony about his "debilitating back and knee symptoms," the ALJ states that he "finds the overall record during the relevant period fails to support the severity of symptoms and limitations alleged." (AR 24.) He then goes on to discuss Plaintiff's testimony and the medical evidence regarding knee pain and back pain symptoms – highlighting evidence that was before the date last insured. (AR 24-27.) The Commissioner's brief on this issue also focuses on the lack of objective evidence to support the symptoms testified to by Plaintiff. (*See* ECF No. 28 at 5-9.) While the Commissioner argues that the ALJ also discounted Plaintiff's reported symptoms because of "conservative treatment" and inconsistencies in Plaintiff's testimony, the decision itself does not provide these as specific reasons that support the adverse credibility finding. Simply using the words "conservative treatment" during a lengthy summary of the medical evidence is not sufficient for the ALJ to specifically link that treatment to a decision to discount Plaintiff's subjective symptom testimony. In the absence of a clearer indication that the ALJ intended to rely on this evidence to show conservative treatment that justified rejection of Plaintiff's subjective complaints, the Court may not consider it, and it is not a legally sufficient reason. *See Treichler*, 775 F.3d at 1103 ("we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions"). Similarly, while the Commissioner refers to supposed "conflicts" in Plaintiff's testimony, the ALJ's decision does not point to

instances where that testimony was internally inconsistent. The "conflicts" that the Commissioner appears to reference are instances where ALJ found that the objective evidence does not support Plaintiff's testimony or where the supporting objective evidence is from the period after the date last insured. In both situations, the ALJ is asserting that relevant objective evidence does not exist to support Plaintiff's symptom claims. However, repackaging this under another label does not save the ALJ's decision from the flaw that its adverse credibility finding is based solely on the lack of supporting objective evidence.

Finally, the Court notes the confusing nature of certain aspects of the ALJ's decision. While concluding that the "overall record during the relevant period fails to support the severity of symptoms and limitations alleged" (AR 24), the decision also states that Plaintiff's testimony is "bolstered by the medical evidence" (AR 25) and that the ALJ "gives greater consideration to the [Plaintiff's] subjective complaints" (AR 26). Similarly, while the Commissioner argues that the ALJ "generously credited" Plaintiff's testimony, there can be no dispute the ALJ did not credit the critical aspect of Plaintiff's testimony where he stated that he spent most of the time lying flat to relieve spinal pressure and could only sit for 30 minutes, stand for 2 to 3 minutes, and walk 20 feet with a case. As a whole, the ALJ's decision does not allow the Court to reasonably conclude that Plaintiff's subjective testimony was not arbitrarily discredited. *See Brown-Hunter*, 806 F.3d at 493.

In sum, the ALJ failed to provide specific clear and convincing reasons to support his discrediting of Plaintiff's subjective complaints concerning pain and other symptoms. This error was not harmless. *See, e.g., Brown-Hunter*, 806 F.3d at 492 (ALJ's failure adequately to specify reasons for discrediting claimant's testimony "will usually not be harmless"). In light of the significant functional limitations reflected in Plaintiff's testimony, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting [Plaintiff's] testimony, could have

reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-1056 (9th Cir. 2006).[3]

**C. Remedy**

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

///

---

[3] Because the Court finds reversible error in the ALJ's adverse credibility determination and is remanding the case for further administrative proceedings, the other issue raised by Plaintiff need not be addressed.

Accordingly, the appropriate remedy is a remand for further administrative proceedings.[4]

***********

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 6/20/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.